# NICHOLAS L. STEEL
## v.
## CLAYTON E. SHAFER.

*Trespass vi et Armis—Evidence—Instructions.*

1. An instruction not based upon evidence introduced should be refused.

2. A party will not be allowed to put in evidence his own statements as to an affray, or his own statements as to his mental condition at the time thereof, made at a time subsequent to the occurrence.

3. A general objection to admitting in evidence a reply to an interrogatory in a deposition, a portion thereof only being proper evidence, can not be considered herein.

[Opinion filed May 21, 1891.]

APPEAL from the Circuit Court of Ogle County; the Hon. WM. BROWN, Judge, presiding.

Messrs. E. F. DUTCHER and O'BRIEN & O'BRIEN, for appellant.

In no view of the case were the statements to Eakle admissible.

Even according to the few cases holding that declarations of a witness out of court may be admitted when offered by him in corroboration of his testimony under oath on the trial,

when it is sought to impeach him by proof of contradictory statements, the rule was never carried so far as to warrant the admission of such declarations to corroborate his sworn testimony where the adverse party had only sought to prove his case by introducing evidence of the admissions of the other party.

When the plaintiff attempts to prove his own case in the first instance by evidence of the defendant's admissions, there is no attempt at impeachment, and testimony by the defendant in defense showing the transaction in a different light from that shown by his admissions, does not make the admissions evidence of impeachment, nor authorize the defendant to prove his own declarations on other occasions corroborative of his sworn testimony.

It was only where a party testified and it was sought to impeach him by proof of contradictory statements made by him out of court, that he could prove his own statement in corroboration. In this case appellant proved appellee's admissions as part of his case, and not by way of impeachment. It was discretionary with appellee, in defense, to testify or not.

In the note to 1 Greenl. on Ev., Sec. 229, it is said: "Nor can an admission be rebutted by evidence of contrary statements;" citing Hunt v. Roylance, 11 Cush. 117, 59 Amer. Dec. 140, where the question was whether Strobridge was a partner. Plaintiff proved his admissions that he was, and to rebut it he was permitted, against objection, to prove that on one occasion he had refused to sign a note, and gave as a reason that he was not a partner.

Bigelow, J., says: "He could explain and contradict any conversation or declaration that had first been proved against him, but beyond this he could not go. His own admissions, not offered in evidence against him, had no legal tendency to control the case proved on the other side.

"To show that a man denied being a member of a copartnership to A, to-day, does not prove or tend in any way to show that he did not admit that he was a member to B, yesterday. It is simply an admission in his own favor, having no bearing on the admission proved against him."

In Jones v. State, 13 Tex. 168, 62 Amer. Dec. 553, the court say: "The appellant asked the court to instruct the jury in effect that if a confession of the accused was proved to have been made at one time to one witness of the State and proved to have been denied at another time by another witness of the State, one would destroy the other, had both to be taken together. If this rule should be sustained it would allow the accused to make evidence in his own defense.

"The whole admission must be proved, both the favorable and unfavorable parts, but the rule does not extend to matters distinct from the admissions and contrary statements made at other times." 5 Amer. & Eng. Ency. of Law, 355.

The rule of exclusions is carried farther in People v. Green, 1 Park. Cr. Rep. 12: "Where a party has called a witness and proved by him a conversation with the opposite party, the party whose conversation has been proved can not, on cross-examination, prove a subsequent conversation between the party cross-examining and the witness two or three hours after, though it was upon the same subject as the first and explanatory of it."

And this is the decision in Hatch v. Potter et ux., 2 Gilm. 729. See 2 Phil. on Ev., 4th Amer. Ed. 973, 974, and note to Johnson v. Patterson, 2 Hawks, 183; 11 Amer. Dec. 757.

The rule in a few of the States admitting such testimony to rebut impeaching testimony, is against the decided weight of authority and better reasoning, is disapproved by all text writers, and denied in our own State.

It was based upon a case in 1 Mod. 282, Lutteral v. Regnell, overruled in R. v. Parker, 3 Doug. 242. The courts of New York and Pennsylvania first followed the case in 1 Mod. but afterward adopted the rule, excluding such evidence except in the instances specified in Stolp v. Blair, 68 Ill. 544, as, where the witness is charged with testifying under the influence of some motive prompting a false statement, it may be shown he made a similar statement when the motive did not exist; or where it is charged his statement is a recent fabrication, it may be shown he gave a similar account before its effect and operation could have been foreseen, as in Gates v. People, 14 Ill. 434.

Further than this the rule ·does not go.   1 Greenl., Ev.,
Secs. 469, 229; Whart., Ev., 492; 2 Phil., Ev., 973, 964, 4th
Amer. Ed., and p. 445; 1 Stark., Ev., 147; Whart., Cr. Ev., Sec.
492, and cases there cited; Robb v. Hackley, 23 Wend. 50, a
leading case, afterward followed in Dudley v. Bowles, 24
Wend. 465, and in Reed v. N. Y. C. R. Co., 45 N. Y. 576;
Gibbs v. Tinsley, 13 Vt. 208; Ellicott v. Pearl, 10 Pet. 412;
Conrad v. Griffey, 11 How. 480, 490; Stolp v. Blair, 68 Ill.
541; Smith v. Stickney, 17 Barb. 489; Riely v. Vallandingham,
9 Mo. 819; State v. Kingsbury, 58 Me. 238; Judd v. Brent-
wood, 46 N. H. 430; Munson v. Hastings, 12 Vt. 348; Moore's
Civil Justice, Sec. 1070; 17 Mich. 435; People v. Mead, 50
Mich. 228.

Prof. Greenleaf in Vol. 1, Sec. 469, says: " But evidence
that he has on other occasions made statements similar to
. what he has testified to on the cause is not admissible.   The
cases, Cook v. Curtis, 6 H. & J. (Md.) 93 ; McAleer v. Howley,
35 Md. 439 ; Hendrickson v. Jones, 10 S. & R. 332; and
Coffin v. Anderson, 4 Black (Ind.), 398, seemed to have been
founded  directly or evidently on the case of Lutterell v.
Regnell, 1 Mod. 282, which long ago ceased to be authority
in England;" citing  R. v. Parker, 3 Doug. 242, and in the
note:   " Nor can an admission rebutted by evidence of con-
trary statements."

Henderson v. Jones, 10 S. & R. 332, was overruled in
Craig v. Craig, 5 Rawle, 91, and Good v. Good, 7 Watts, 195.

In the note to Johnson v. Patterson, 2 Hawks, 183, S. C.,
11 Amer. Dec. 757, the authorities are reviewed and the true
doctrine announced, that such evidence is only admissible
when it is charged that the testimony of the witness is a
recent fabrication, and having its origin in some event
powerfully affecting his interests, or in some change in his
situation with reference to the transaction or to the parties,
when it is admissible to rebut the imputation by proving
declarations prior to such event or change, agreeing with
what he now swears to be the truth.

And by "recent fabrication" is not meant that merely
impeaching a witness by  proving  his prior declarations

contradictory of his testimony is an imputation of "recent fabrication," for this would abrogate the rule. Id.

By proof of recent fabrication is meant proof that the witness has been recently bribed to make a false statement, or the like. 1 Stark., Ev., Sec. 149 ; Robb v. Hackley, 23 Wend. 51.

The opinion of Bronson, J., in the case last cited is exhaustive on the subject.

The modification by the court of appellant's ninth instruction would seem to indicate the court admitted the evidence of prior declarations to show the condition of mind of appellee at the time the injuries were inflicted.

The declaration was made after the injuries were inflicted, and when appellee and Eakle were on their way home. They related to a past condition of the mind and were inadmissible. "The declaration of the woman as to her suffering and condition at any particular time are evidence of her state at the time she made them. It is natural evidence upon those points— as her appearance, seeming agony of mind and other physical exhibitions, would be. The ground of receiving those declarations is that they are reasonable and natural evidence of the true situation and feelings of the person for the time being. But in reference to past periods, they have no such claim to confidence, as they are manifestly to that purpose, but the narration of one not on oath." Lush v. Mc-Daniell, 13 Ired.; S. C., 57 Amer. Dec. 568.

"The statements of the injured party subsequently, and not substantially at the time of the occurrence, as to the circumstances, are not admissible." Note in 36 Amer. R., 828, to Quaife v. C. & N. W. Ry. Co., 48 Wis. 513.

"And the declarations are admissible when they relate to the feelings at the time, or to the nature, symptoms or effect of the malady under which they are laboring at the time, and are regarded as mere hearsay, so far as they go beyond this limit. They do not extend to the admission of declarations as to previous malady or illness." Allen v. Van Cleve, 15 B. Mon. 236.

Declarations of mental feelings indicating present pain or malady, when made at the time, are not to be extended beyond the necessity on which the rule is founded." 5 Amer. & Eng. Ency. of L., 361.

Only admissible when they relate to present condition or State. Ill. Cen. R. R. Co. v. Sutton, 42 Ill. 438; 2 Greenl., Ev., Sec. 102, n. 3.

Anything in the nature of narration is to be carefully excluded, and the testimony is to be confined strictly to such complaints, exclamations and expressions as usually and naturally accompany and furnish evidence of a present existing pain or malady. Id.; Bacon v. Charlton, 7 Cush. 581, 586; Whart., Ev., Sec. 268; Whart., Cr. Ev., 271.

" To determine the condition of mind it is admissible to put in evidence such expressions of the party as may be shown to have been instinctive, and not to have been uttered for the purpose of producing a particular effect. So, when the extent of a mental or other disease is in controversy, are contemporaneous declarations of the person so affected, though not as to conditions of prior diseases." Id. Sec. 272; Weyrich v. People, 89 Ill. 96; Ill. Cen. R. R. Co. v. Sutton, 42 Ill. 438 ; C. & N. W. Ry. Co. v. Howard, 6 Ill. App. 573, 574; 1 Green., Ev., Sec. 110.

In this case the third plea put in issue the condition or state of appellee's mind at the time of the infliction of the injuries. First Nat'l Bank v. Mansfield, 48 Ill. 496.

If, as we have endeavored to show, the declarations of appellee to Eakle were inadmissible, that error alone is sufficient to warrant a reversal. To quote from the opinion in Robb v. Hackley, 23 Wend. 53, " It is no answer to say that such evidence will not be likely to gain credit, and consequently will do no harm. Evidence should never be given to a jury which they are not at liberty to believe."

Messrs. J. C. Seyster and M. D. Swift, for appellee.

The statement made by the appellee to the witness Eakle when he first regained consciousness after the occurrence in question is properly admitted. This statement was properly

admitted to show the condition of defendant's mind at the time.

In Reynolds v. Adams, 90 Ill. 135, and Cockeram v. Cockeram, 17 Ill. App. 604, it is held that statements of the deceased whose will was contested are competent to show mental condition at the time the will was executed, or so near the time the same state of affairs must have existed.

But this statement was also admissible under another rule of law than the one which allows the admission of statements as to a person's bodily or mental condition.

And this is the rule, that where a party offers in evidence statements of a witness or party at variance with what such witness or party testifies, proof that such witness or party has made statements in accord with his testimony is admissible if such statement was made prior to such contradictory statements in point of time.

This kind of testimony has been held to be admissible in many cases among which are the following: People v. Vaen, 12 Wend. 78; Jackson v. Etz, 5 Cowan, 320; Commonwealth v. Bosworth, 22 Pick. 397; Cook v. Curtis, 6 Herr & Johns. 93.

And in Pennsylvania and Indiana such statements have been admitted without reference to their priority. Parker v. Gonsalus, 1 Serg. & Rawle, 536; Henderson v. Jones, 10 Ib. 322; Coffin v. Anderson, 4 Blackf. 398.

UPTON, J. This was an action of trespass *vi et armis* by the appellant against the appellee. In the trial court appellee interposed three pleas: general issue, *son assault demesne* and a special plea alleging that appellant first assaulted appellee by blows upon the head with a club which so affected his mind that he was unconscious and irresponsible for his immediate subsequent acts, in inflicting upon the appellant the alleged injuries complained of. Upon these pleas issue was joined and three trials with a jury have been had thereon in the Circuit Court of Ogle County. The first trial resulted in a verdict for appellee and on motion a new trial was granted; upon a second trial appellant obtained a verdict and a new trial was granted; upon the third trial a verdict was returned

for appellee, upon which judgment was rendered for costs, to reverse which, this appeal is prosecuted. We have been led to state the result of the several trials of this case in the Circuit Court to manifest the necessity of the care required in the instructions to the jury by the trial court. The evidence in the case is quite conflicting.

The alleged errors in the trial court complained of by the appellant here are:

First: That the court erred in giving to the jury the first, second and third of appellee's instructions.

Second: In refusing appellant's ninth instruction as offered, and in modifying the same and giving it to the jury so modified.

Third: In allowing a portion of the deposition of one Eakle to be read in evidence as to statements made by appellee concerning his mental condition, etc.

First. The first instruction offered by the appellee and read to the jury appears to be good as a proposition of law; but there does not appear to be any evidence on which to base it, and therefore it ought not to have been given.

The second of appellee's instructions violates the rule of law laid down in Donnelly v. Harris et al., 41 Ill. 128, and Scott v. Fleming, 16 Ill. App. 540, and was, therefore, erroneous.

We perceive no objection to appellee's third instruction given and we think it good.

Second. We think the trial court erred in not giving to the jury appellant's refused instruction numbered nine and also committed a further error in modifying the same and giving it to the jury as modified.

Appellee could not call for and put in evidence his own statements concerning the affray with appellant, or his own statements as to his mental condition at the time of such affray made at a time subsequent to the occurrence. This would be allowing him to manufacture evidence in his own behalf, which the law does not permit. It would be but mere self-serving statements at most, both in character and effect, which are not admissible as evidence, and therefore the modi-

fication of the instruction was erroneous. The instruction as offered by appellant stated the correct rule of law upon the point to which it referred, and should have been given to the jury as asked, and the trial court erred in not so doing.

It is quite unlike the statement of a testator offered to show his mental condition at the time of making a will, etc., and is not governed by the same principle as that stated in Cockeram v. Cockeram et al., 17 Ill. App. 604, and kindred cases therein cited.

. Third. The evidence contained in the deposition of Eakle as to appellee's statements concerning his mental condition, etc., which was admitted for appellee, does not appear to have been *especially* objected to, and the other portion thereof was proper evidence. The answer to the twelfth direct interrogatory of the deposition referred to was only objected to in its entirety, as a whole, and a portion of the answer being proper evidence, the general objection can not be made availing.

For the reasons assigned we think there is manifest error in this record, and therefore the judgment of the Circuit Court will be reversed and the cause remanded for further proceedings not inconsistent with the views herein above expressed.

*Reversed and remanded.*